Dear Mr. Diez:
This office is in receipt of your request for an Attorney General's Opinion. You have indicated that an Ascension Parish student has been indicted on a charge of manslaughter, which occurred off campus and was not school related. You have presented two questions for response from this office. Your first question states the following:
 (1) May the student be suspended or expelled prior to the conviction, if any, based on the alleged actions.
This question is answered by the language as set forth in LSA-R.S. 17:416(A)(1)(b). Specifically, the last sentence of the statute addresses this issue. The statute states the following:
 (b) Prior to any suspension, the school principal, or his designee, shall advise the pupil in question of the particular misconduct of which he is accused as well as the basis for such accusation, and the pupil shall be given an opportunity at that time to explain his version of the facts to the school principal or his designee. Prior to suspension or expulsion the school principal, or his designee, may contact the parent, tutor, or legal guardian of the pupil in question and conduct a counseling session with such parent, tutor, or legal guardian to establish a course of action to identify and correct the behavior leading to suspension or expulsion before any further action is taken to suspend the student. If the parent, tutor, or guardian refuses to attend the conference the child shall be removed or suspended; a certified letter shall be sent to the parent, tutor, or guardian stating the reason for suspension or expulsion and requiring a parent, teacher, and principal conference prior to the child reentering school. If the parent, tutor, or legal guardian fails to attend the required conference within five days of receipt of the certified letter, the truancy laws shall become effective. A student whose presence in or about a school poses a continued danger to any person or property or an ongoing threat of disruption to the academic process shall be immediately removed from the school premises without the benefit of the procedure described herein above; however, the necessary procedure shall follow as soon as is practicable. (Underlining is our own emphasis).
The student in question may not be suspended or expelled from school based solely on a felony indictment. However, if the school board or principal believes that his continued presence on the campus creates an ongoing threat of disruption, then his removal without the proper compliance with the procedures as set forth in LSA-R.S. 17:416(A)(1)(b) for removal would be proper.
Please be advised, that if the above situation occurs, the necessary procedure as set forth in LSA-R.S. 17:416(A)(1)(b) shall be complied with as soon as possible. This provision includes that proper notice and opportunity for counselling be given.
Your second question pertains to a conviction or a plea of guilty, to a charge of manslaughter. Specifically, you ask:
 (2) If a student is convicted or pleads guilty to the offense of manslaughter for acts occurring off campus and not related to school, may he be suspended/expelled based solely on these acts.
Yes, manslaughter is a felony crime and your question is guided by LSA-R.S. 17:416(D) which states:
 (D) The conviction of any student of a felony or the incarceration of any student in a juvenile institution for an act which had it been committed by an adult, would have constituted a felony, shall be cause for expulsion of the student for a period of time as determined by the board; provided that such expulsion shall require the vote of two-thirds of the elected members of the school board.
Note that in order for expulsion to occur, the Ascension Parish School Board must meet and a two-thirds vote of the elected members of the school board in favor of expulsion.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0173p